J. T. GLENN, Appellant, v. MARSHALL COUNTY et al., Appellees.

**DRAINS:** Establishment—Intercounty Drain—Jurisdictional Facts.
1 The filing of a petition and bond with the county auditor of each county is mandatory, in order to confer jurisdiction to establish an intercounty drainage improvement.

**DRAINS:** Establishment—Transfer to District Court. The statutory
2 provision (Secs. 7622 and 7623, Code of 1924) for the transfer to the district court of a petition for the establishment of a drainage improvement because of the failure of the board of supervisors to act thereon has no application to an intracounty drain.

**DRAINS:** Establishment—Additional Lands in Foreign County. A
3 board of supervisors has no jurisdiction to annex to an intra-county drainage improvement lands situated in a foreign county.

Headnote 1:  19 C. J. pp. 639, 641.  Headnote 2:  19 C. J. p. 641 (Anno.)  Headnote 3:  19 C. J. p. 622 (Anno.)

*Appeal from Marshall District Court.*—B. F. CUMMINGS, Judge.

JANUARY 19, 1926.

REHEARING DENIED APRIL 9, 1926.

APPELLANT sought review, in the district court of Marshall County, of certain ditch proceedings alleged to be pending before the boards of supervisors of Marshall and Hardin Counties. His petition was met by demurrer, which was sustained; and from this ruling he appeals.—*Affirmed.*

*C. H. Van Law* and *James H. Van Law,* for appellant.

*E. N. Farber,* for appellee Marshall County.

*Albert Steinberg* and *Aymer D. Davis,* for appellee Hardin County.

ALBERT, J.—Appellant was the owner of 120 acres of land

lying in Marshall County, abutting on the line between Marshall and Hardin Counties. In 1916, petitions were filed in the respective counties, asking the establishment of a joint drainage district. Statutory proceedings were followed therein; but the joint boards, on final order, refused to establish the proposed drainage district. In October, 1919, a petition for a drainage district was filed in Hardin County, which, in due course of procedure, resulted in the establishment of Drainage District No. 121 in Hardin County, with its outlet in that county at a point approximately one-half mile north of appellant's land. The order establishing that district was entered by the board of supervisors on June 8, 1920. On July 29, 1920, appellant filed with the county auditor of Hardin County a petition asking for the annexation to said district of certain lands in Hardin and Marshall Counties, included in which was the aforesaid land of appellant. The boards of supervisors of Marshall and Hardin Counties thereupon assumed to proceed upon said petition in the same manner as if appellant had asked for the establishment of an independent drainage district; and they also purported to appoint commissioners to examine into the establishment of said independent drainage district. Appellant avers that:

*1. DRAINS: establishment: intercounty drain: jurisdictional facts.*

"All of such proceedings were not called for by his petition then filed, and that the same were without authority, as based upon said petition, under the statutes of Iowa pertaining to proceedings thereon. Thereafter, the board of supervisors of Hardin County refused to proceed in the matter with the board of supervisors of Marshall County with reference to extension and enlargement of the drainage district then established."

The appellant then caused to be served upon the respective chairmen of the boards of said counties a notice demanding that action be taken on his petition for extension and enlargement of Drainage District No. 121. The respective boards failed, refused, and neglected to take any action whatever with reference to the petition. After the time allowed by statute had ex-

pired, appellant perfected his appeal to the Marshall County district court.

These matters are all set up by way of a petition in equity, the prayer of which asks that the court enter an order for extension and enlargement of the drainage district, as set out in the application filed with the county auditor of Hardin County on the 29th of July, 1920, and for such other and further relief as may be equitable in the premises, and for costs. He attached to this petition a copy of the petition filed with the county auditor of Hardin County on July 29, 1920, which included 440 acres in Marshall County and about 600 acres in Hardin County.

To the appellant's petition reciting the foregoing facts the respective defendants filed separate demurrers, which are duplicates, among the grounds of which are:

"1. That the facts set forth as a basis of plaintiff's appeal do not entitle him to the relief demanded. 2. That the court has no jurisdiction of the person of the defendants or the subject-matter of the action. 3. That the court has no jurisdiction to establish the district or to entertain this appeal, because said district has not been recommended by a competent surveyor, and the joint boards refuse to act upon the district for this very reason."

Several other grounds of demurrer are also set out, but we do not deem them material to the controlling question in this case, as we view it.

An inspection of the drainage statutes shows but one provision for establishment of drainage districts where the proposed district covers land in more than one county. This is Section 1989-a29, Supplement to the Code, 1913. Under this section it is provided:

"When the desired levee or drainage district extends into or through two or more counties and embraces land in two or more counties, the petition of one or more owners of land to be affected or benefited by such improvement shall be presented to the county auditor of *each* county into or through which said levee or drainage district will extend, accompanied by a bond to be filed with the county auditor of each of the said counties * * *"

It is further provided that thereupon each board shall appoint a commissioner, and such commissioners shall appoint an engineer, who shall be required to make a report to the respective boards; that, upon the return of his report, and after due notice given, the boards of supervisors shall meet in joint session; and that, when the proper proceedings have been had, this joint body may establish a drainage district.

It appears from appellant's petition in this case that, after the refusal of the joint boards to establish the joint drainage district on the first application, appellant filed the petition, as above explained, with the board of supervisors of Hardin County; but he at no time filed a corresponding petition with the board of supervisors of Marshall County. It is apparent that the application he made covered land in both Marshall and Hardin Counties. Under the requirements of the above quoted section of the statute, until a petition is filed in both counties, there can be no jurisdiction whatever for the establishment of a joint drainage district. A very similar condition of affairs existed in *Hoyt v. Board of Supervisors*, 199 Iowa 345, where this question is quite ably discussed. By analogy with that case, it must be held here that there was no power in either board to establish a joint drainage district. Appellant sought, however, in order to get the matter into court, to follow the provisions of Section 1989-a36, Code Supplement, 1913, which provides for a transfer of joint drainage proceedings to the district court in instances where the boards neglect, fail, or refuse to take action on the petition filed. This statute, however, is not available to appellant, because it is made to cover only those cases where the proposed drainage district extends into or through two or more counties. Hence we find that there was no jurisdiction in the two boards to establish a joint drainage district, for the reason that no petition was filed with the board of supervisors of Marshall County. There being no jurisdiction, any proceedings had would be absolutely void, and, being void, would not support the action of appellant under the aforesaid Section 1989-a36.

2. DRAINS: establishment: transfer to district court.

Appellant insists, however, that the petition filed by him

with the board of supervisors in Hardin County, although it
was also addressed to the board of supervisors of Marshall
County, would not warrant an attempt on the
part of the two boards to inaugurate proceed-
ings for a joint drainage district; "that, in fact,
all he asked or intended was that the land described by him
lying in Marshall County should be annexed to Drainage Dis-
trict No. 121 in Hardin County."

3. DRAINS: estab-
lishment: addi-
tional lands in
foreign county.

There is no statute in Iowa providing for the annexation to
a drainage district of land lying in an adjoining county. The
only provision of the statute governing the annexation of lands
to an originally established drainage district is Section 1989-a54,
Code Supplement, 1913, and this statute is not broad enough
to warrant any such construction as appellant contends for.
The whole theory of the drainage law of Iowa is that the board
of supervisors of each county shall have control, and be the
official body establishing and controlling drainage districts
within its own county. Aside from the above cited provisions as
to joint drainage districts extending into two or more counties,
there is nothing in the statute which would warrant a drainage
district in one county in annexing, by coercive measures, terri-
tory lying in a contiguous county. Had the board of super-
visors of Hardin County attempted to annex the Marshall
County land described by appellant in his petition, it would
have been without authority so to do. More than this, the land
in Marshall County could not be annexed and made a part of
Drainage District No. 121 in Hardin County, because that
district ends not less than one-half mile north of the south line
of Hardin County, and such lands in Marshall County could
not be made a part of a Hardin County drainage district with-
out also including in such district the lands lying in Hardin
County between the end of the district and the Marshall County
line. The appellant, not being the owner of the land in Hardin
County proposed to be included in such district, had no author-
ity to file a petition in Hardin County therefor. Section 1989-
a2, Supplement to the Code, 1913. The only thing appellant
could have done to relieve the situation would have been to
file an application with the auditor of *both* counties for a

drainage district including the land in Marshall County and the land in Hardin County. Not having done this, he has no remedy in the proceeding which he has instituted.

The district court was right, therefore, in sustaining the demurrer to the petition.—*Affirmed.*

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.